**A. H. BULL STEAMSHIP COMPANY, Inc., as owner of THE American Steamships ARLYN, BEATRICE, EDITH and MARINA, Libelant,**

v.

**The UNITED STATES of America, Respondent.**

United States District Court, S. D. New York.

Feb. 10, 1955.

Kirlin, Campbell & Keating, New York City, for libelant.

J. Edward Lumbard, U. S. Atty., New York City, for respondent.

BICKS, District Judge.

Libelant instituted the instant suit on April 29, 1944, to recover inter alia $10,- 221.27 for additional charter hire of libelant's vessel, S.S. Edith, due on adjustments for the vessel's dead weight capacity and speed, and for emergency equipment, and overtime paid to the vessel's personnel.

Approximately five weeks later libelant instituted a further suit (A. 131–153) based upon a war risk insurance binder issued in accordance with the terms of the charter to recover the balance alleged to be due on account of the total loss of the said S.S. Edith.

The claims asserted in the first suit were administratively adjusted and compromised and all sums agreed to be paid in connection with the settlement thereof have been duly and fully paid. A stipulation of discontinuance and dismissal of said suit was, however, never filed. The second suit was also settled. The later settlement as the order of discontinuance dated June 3, 1946, recites, was "without prejudice to libelant's right to claim an additional amount by establishing a higher valuation for the vessel pursuant to paragraph 1(d) of Article First of Part II of the Second Disputes Addendum, together with interest upon said additional amount in accordance with Article Second of Part II of the said Addendum."

Under the guise of an amendment to the libel in the first suit libelant now, after a lapse of approximately nine years, seeks to judicially enforce a claim predicated on the Second Disputes Addendum above mentioned. A new or separate suit on said claim obviously would be time-barred under the Suits in Admiralty Act, § 5, 46 U.S.C.A. § 745, and an application to vacate the order of discontinuance in the suit secondly started and to permit the libelant to assert the reserved claim therein would be tantamount to a new suit. The circumstance that the first suit was never discontinued cannot be availed of to breathe vitality into a claim which has become time-barred.

Motion to amend the libel is denied.