A. H. BULL STEAMSHIP COMPANY, Inc., as Owner of THE ARLYN, THE BEATRICE, THE EDITH and THE MARINA, Libellant-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

A. H. BULL STEAMSHIP COMPANY, Inc., as Owner of THE ANGELINA, THE CLARE, THE MAE, THE MILLI-NOCKET and THE ROSARIO, Libellant-Appellant,

v.

UNITED STATES of America, Respondent-Appellee.

No. 355, Docket 23752.

United States Court of Appeals Second Circuit.

Argued June 4, 1956.

Decided July 18, 1956.

Clement C. Rinehart, New York City (Kirlin, Campbell & Keating and Elmer C. Maddy, New York City, on the brief), for libelant-appellant.

Benjamin H. Berman, Atty., Dept. of Justice, New York City (Paul W. Williams, U. S. Atty., S.D.N.Y., New York City, and Leavenworth Colby, Chief, Admiralty & Shipping Section, Dept. of Justice, Washington, D. C., on the brief), for respondent-appellee.

Before CLARK, Chief Judge, and HINCKS and WATERMAN, Circuit Judges.

PER CURIAM.

Libelant, being dissatisfied with payments made to it by the War Shipping Administration pursuant to charter, originally filed two libels in 1944 to recover items alleged to be due for additional charter hire, for overtime paid to personnel, and for expenditures made for emergency equipment or installations for the respective vessels named in the caption here, and their crews. In 1955 libelant moved to amend these two libels, and from the denial of its motions it appeals. Before the filing of the proposed amendments the War Shipping Administration and its successor, the Maritime Commission, had settled and compromised all the claims of the original libels and had paid libelant the amounts agreed upon. But no stipulation of discontinuance and dismissal had been filed.

Libelant had also filed three other libels in 1944 to recover the balance alleged to be due it as war risk insurance on account of the total loss of the Edith, the Clare, and the Rosario respectively. These war risk claims, too, were compromised and the libels thereon discontinued in 1946, with leave to libelant to claim an additional amount by establishing a higher valuation for the vessels pursuant to a "Second Disputes Addendum" executed by the parties in 1945. This Addendum provided that whenever, as determined pursuant to certain formulae, the speed of a vessel for the loss of which a claim was made exceeded the speed as determined by other methods, the owner might recover *either administratively or judicially* the difference in value resulting from the difference in speed, provided that the total recovery did not exceed just compensation as determined in accordance with the applicable laws and Constitution of the United States.

After discontinuance of its three war risk libels, libelant pursued its administrative remedy under the Addendum until in 1954 the claims for additional compensation were denied on advice of the General Accounting Office to the effect that the proposed settlement exceeded just compensation. Libelant then sought judicial relief by attempting to amend the two surviving libels, which, though settled and compromised, had never been discontinued or dismissed, and which, as noted above, contained claims unrelated to the war risk claims. Judge Bicks held in effect that the claims now sought to be incorporated in those libels were actually new claims which arose at the time of execution of the Addendum and hence were time barred by the two-year limitation of the Suits in Admiralty Act, 46 U.S.C. § 745. D.C. S.D.N.Y., 128 F.Supp. 383; D.C., 132 F.Supp. 198. We accept his reasoning, for it seems clear that the proposed "amendments" present new and different claims based on the total loss of the vessels which are in no way germane to the subject matter of the other two fortuitously surviving libels. Denial of these motions effectively terminates these libels and is appealable under 28 U.S.C. § 1292(3), even without formal orders of dismissal.

Libelant further urges that recovery under the Addendum is contingent upon a showing that the vessels were reasonably entitled to a higher speed classification which could not be made until the administrative remedy was exhausted. But the language of the Addendum appears to give the shipown-

er an immediate judicial remedy, and there is nothing to indicate that he may elect to toll the running of the statute of limitations by pursuit of the administrative remedy. See Sword Line v. United States, 2 Cir., 228 F.2d 344; Id., 2 Cir., 230 F.2d 75, affirmed 76 S.Ct. 1047; American Eastern Corp. v. United States, D.C.S.D.N.Y., 133 F.Supp. 11, affirmed 2 Cir., 231 F.2d 664, certiorari denied 76 S.Ct. 1050.

Affirmed.